This case is brought under 28 U.S.C. §1491 to recover just compensation for taking of an island in a landlocked lake in Michigan. In this court’s decision reported 212 Ct. Cl. 32, 545 F. 2d 727 (1976), we held that defendant took the island in 1971 by asserting dominion and barring the plaintiff from access, while claiming as it did that the United States was owner. We rejected an attack on our jurisdiction, pointing out that 28 U.S.C. § 2409a (enacted in 1972) expressly states it does not affect action that could be brought under § 1491, while it authorizes, in instances of title disputes between the government and the landowner, a concurrent remedy in the U. S. District Court. Defendant before this panel renewed its jurisdictional objection. It pointed out that in advocating the enactment of § 2409a, it hoped to achieve this result: that in all instances of such title disputes, it would retain the right to disclaim title and thus avoid having to pay for the land. Section 2409a provides for this, but § 1491 does not. Whatever defendant may have hoped, Congress knows very well that in order to suppress a previously existing or supposed remedy in the Court of Claims, all it has to do is to consent to suit in the U. S. District Courts, on substantially similar facts, leaving unmentioned the previous Court of Claims remedy. Fiorentino v. United States, ante at 545, 607 F. 2d 963 *927 (1979), cert. denied, 441 U.S. 1083 (1980). In mentioning § 1491 as it did, Congress adopted the established means, as a matter of statutory drafting, to avoid the Florentino result. We have jurisdiction, and we must exercise it in a responsible way, particularly since the U. S. District Court forced the plaintiff to come here, § 2409a not then having been enacted. We cannot transfer the case back to it under § 1506, because it does not have "exclusive jurisdiction.”
Our previous discussion left it up to plaintiff to prove her title as of the taking date, as well as, of course, the value of the island or whatever portion she might prove she owned. Trial Judge Colaianni has conducted a trial and has submitted an opinion and a recommended concusión of law, with findings of fact, under Rule 134(h). Plaintiff has filed exceptions and the case has been briefed and argued. We cannot agree with his opinion and conclusion because we. are unable to hold, as he does, that on the taking date plaintiff did not own any interest in the island.
Beginning in 1939, plaintiff and her husband platted her land, making up a subdivision or subdivisions consisting partly of lake shore lots and partly of lots having no lake frontage. She sold off all the lake shore lots and has owned no lake shore land for over 30 years. Even the back lots are now disposed of, but some may have been held as late as 1951. She did not plat the island or sell or deed it expressly, which is why she believes she still owned it up to 1971. By our first opinion, plaintiff owned the island by virtue of her riparian rights under Michigan law. It is superficially logical to say she lost the island with her other riparian rights by the same law. But it is not so simple.
Examination of the subdivision deeds and plats show that strips of land were dedicated for access roads or streets so that access existed for every lot. Such a strip runs behind the lake shore lots, between them and the first tier of back lots. The plat also shows a 20-foot strip between each two lake shore lots, established by taking 10 feet off each lot adjoining, and running from the street to the lake. These strips are called "public drive[s].” There are no such strips between or among the back lots. The inference is that these "public drive[s]” are for access to the lake, but whether for the benefit of the "public,” the state, any other governmental body, the back lot owners, or the grantor, *928 does not appear. Whatever the purpose, they are by their mere existence inconsistent with any idea that the grantor’s riparian rights were conveyed wholly or exclusively to the lake front lot owners, as the trial judge supposes. That idea leaves the "public drive[s]” with no purpose to serve. The cases the trial judge cites establish that presumptively conveyances of lake front lots, bounded by the lake shore on that side, convey the grantor’s riparian rights. But the presumption can be rebutted. No Michigan decision cited to us deals with whether the circumstances stated heréin rebut the presumption or not.
The lake front lot owners may own the riparian rights not at all, or in common with "the public,” or the state, or some other public body, or the grantor, or the back lot owners, or exclusively.
Our former decision refers to the Michigan doctrine allocating riparian rights in a lake out to the center in pie shaped fashion. Grand Rapids Ice & Coal Co. v. South Grand Rapids Ice & Coal Co., 102 Mich. 227, 60 N.W. 681 (1894). In that case, in the closing part of the opinion, the court recognizes that its doctrine may produce such a complex situation that it will not be possible to construct the pieces of pie simply by locating the center of the lake and drawing lines from the center to where the upland boundaries intersect the lake front. The riparian owners will have to resort to equity for a partition proceeding if they cannot agree amicably. It would appear that, absent such a partition, nobody has clear title to anything in the lake. Our case appears to be par excellence such a case as the Michigan court had in mind.
Clearly we could not conduct such a partition proceeding. Not only do we lack jurisdiction to conduct equitable proceedings, but there are parties in interest not before us. Possibly the district court could do this in a 2409a proceeding, or ancillary to one. That would be for it to determine. The 12-year limitations on a 2409a proceeding have not run. Presumably in such a proceeding, should plaintiff bring it, our judgment already entered as to the taking and its date might be res judicata or collateral estoppel.
Plaintiff has not, as of now, proved she had title to any part of the island, in 1971, but neither can we conclude, as *929 the trial judge would have us, that she had none. It appears to us that in the circumstances, it would be inequitable and wrong to determine and adjudicate now, with r§s judicata effect, that she is entitled to no relief. We, therefore, remand the case to the trial division with directions to suspend the proceeding for six months during which time plaintiff shall elect either (a) to start a § 2409a proceeding in the U.S. District Court, (b) to institute a partition or equivalent proceeding in the state court, or (c) to await final judgment here. She shall advise the trial judge of her election within the prescribed six months. Further suspensions are to be granted if necessary. We make no holding as to what relief is obtainable under the first two alternatives .and can offer plaintiff no basis for optimism in case she selects the third.
It is so ordered.